COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-269-CR
 
TAD ANDREW DAMPF                                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                          
STATE
------------
FROM CRIMINAL COURT NO. 3 OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Tad Andrew Dampf appeals from his conviction for resisting
arrest, search, and transportation. See Tex. Penal Code
Ann. § 38.03 (Vernon 2003). In his sole point, he challenges the legal
sufficiency of the evidence. In reviewing the legal sufficiency of the evidence
to support a conviction, we review all the evidence in the light most favorable
to the judgment. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975
(1993). The critical inquiry is whether, after so viewing the evidence, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App.), cert. denied, 522 U.S. 844
(1997). This standard gives full play to the responsibility of the trier of fact
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
The evidence shows that appellant resisted efforts of the police to
arrest him, acted in a hostile manner after being handcuffed and placed under
arrest, and had to be forcibly placed in the squad car. Although evidence
indicates that the arrest may have been unlawful, it is no defense to the
offense of resisting arrest that the arrest was unlawful. See
Tex. Penal Code Ann. § 38.03(b). We hold the evidence was legally sufficient to
support the judgment and overrule appellant's sole point.
We affirm the trial court's judgment.
 
                                                                       PER
CURIAM
 
PANEL F: DAY, HOLMAN, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.